[840 NYS2d 256]

In the Matter of CHRISTOPHER J. ZITO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 16, 2007

## APPEARANCES OF COUNSEL

*Andrea E. Tomaino, Associate Counsel, Fifth Judicial District Grievance Committee,* Syracuse, for petitioner.

*Christopher J. Zito,* Frankfort, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Second Department, on May 6, 1981, and formerly maintained an office for the practice of law in Frankfort. On June 9, 2005, respondent was convicted upon his plea of guilty in Herkimer County Court of petit larceny (Penal Law § 155.25), a serious crime pursuant to Judiciary Law § 90 (4) (d). Respondent was sentenced to a one-year conditional discharge. By order entered July 1, 2005, this Court suspended respondent from the practice of law until further order of the Court for his conviction of a serious crime. Prior to the entry of a final order in that matter, however, the Grievance Committee filed a petition charging respondent with acts of misconduct based upon the facts underlying his plea of guilty in County Court and with other acts of misconduct. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee has submitted a report, which the Grievance Committee has moved to confirm.

The Referee found that respondent delegated responsibility for his trust account to his secretary, gave her permission to sign checks, and directed her to pay his personal bills from the account. The secretary issued checks from the trust account in payment of respondent's personal obligations and her own and issued checks from the trust account payable to cash. The Referee further found that respondent allowed the balance in the trust account to fall below the amount that should have been maintained on behalf of his clients, agreed to represent the buyers and sellers in a real estate transaction without making appropriate disclosures regarding the implications of the simultaneous representation, and failed to disburse proceeds due to the sellers and funds due for title insurance and abstract fees. Additionally, the Referee found that respondent borrowed funds

from a client without making appropriate disclosures regarding the potential conflict of interest or obtaining the consent of the client, and failed to pay to that client an insurance refund that respondent had accepted on the client's behalf. Finally, the Referee found that respondent failed to complete matters on behalf of clients and failed to comply with attorney registration requirements.

We confirm the Referee's findings of fact and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 1-104 (c) (22 NYCRR 1200.5 [c])—failing to supervise adequately the work of a nonlawyer employee;

DR 1-104 (d) (22 NYCRR 1200.5 [d])—directing the misconduct of a nonlawyer employee;

DR 2-110 (a) (3) (22 NYCRR 1200.15 [a] [3])—failing to refund promptly any part of a fee paid in advance that has not been earned;

DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client if they have differing interests therein and if the client expects him to exercise professional judgment therein for the protection of the client without disclosing the terms of the transaction to the client in writing and obtaining the consent of the client in writing to those terms and to his inherent conflict of interest in the transaction;

DR 5-105 (a) (22 NYCRR 1200.24 [a])—failing to decline proffered employment if the exercise of independent professional judgment on behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, and a disinterested lawyer would not believe that he or she could competently represent the interest of each client and each client did not consent to the representation after full disclosure of the implications of the simultaneous representation and the advantages and risks involved;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (b) (1) (22 NYCRR 1200.46 [b] [1])—failing to maintain client funds in a special account separate from his business or personal accounts;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and to render appropriate accounts to the client or third person regarding them;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay or deliver promptly to the client or third person as requested by the client or third person the funds, securities or other properties in his possession that the client or third person is entitled to receive; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash and not to a named payee and allowing a nonlawyer to be an authorized signatory of a special account.

Additionally, respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.

We have considered the matters in mitigation found by the Referee, including that, at the time of the misconduct, respondent suffered from serious health problems and that respondent's secretary was convicted of petit larceny resulting from her theft of funds from respondent's trust account without respondent's knowledge. Respondent, however, has committed serious misconduct, including the theft of client funds that resulted in his conviction of a serious crime. Accordingly, we conclude that respondent should be suspended for a period of three years, effective immediately, and until further order of the Court. Respondent is directed to make restitution pursuant to the order entered herewith.

SCUDDER, P.J., GORSKI, GREEN and PINE, JJ., concur.

Final order of suspension entered.